IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

KATIE BYFORD,                                                                               PLAINTIFF

v.                                                                           CIVIL ACTION NO. 2:08CV87-SAA

COMMISSIONER OF SOCIAL SECURITY,                                             DEFENDANT

**MEMORANDUM OPINION**

  This case involves an application under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's denial of plaintiff's application for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI. The court has jurisdiction over plaintiff's claims under 28 U.S.C. § 1331. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case, and the undersigned thus has the authority to issue this opinion and the accompanying final judgment.

  The plaintiff Katie Byford was born on March 18, 1964. She completed the eighth grade in school. Her employment experience consists of work as a cafeteria helper, cashier, clothes presser, fishing lure hanger and waitress. (Tr. 43-44). The plaintiff filed her application for period of disability and DIB and for SSI payments on August 9, 2005, alleging a disability onset date of August 1, 2004. Plaintiff's requests for benefits were denied at the initial and reconsideration stages, and she sought timely review from an administrative law judge (ALJ). The disabilities plaintiff alleged included heart and back pain, chest pain, high blood pressure, shortness of breath, hip pain, leg pain and numbness in the first and third digits of her left hand. (Tr. 113). In an opinion dated October 3, 2007, the ALJ found the plaintiff was not under a

disability and denied her request for benefits. (Tr. 9-17). The Appeals Council denied plaintiff's request for further review on March 20, 2008

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, she must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1994).[5] Fourth, the plaintiff bears the burden of proving she is incapable of meeting the physical and mental demands of her past relevant work.[6] If she is successful at all four of the preceding steps, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity,

---

[1] *See* 20 C.F.R. §§ 404.1520 & 416.920 (1996).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b) & 416.920(b) (1996).

[4] 20 C.F.R. §§ 404.1520(b) & 416.920(c) (1996).

[5] 20 C.F.R. §§ 404.1520(d) (1996) & 416.920(d) (1996). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525 & 416.925 (1996).

[6] 20 C.F.R. §§ 404.1520(e) & 416.920(e) (1996).

age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The ALJ found that the plaintiff suffered from impairments that are severe under the Act, including coronary artery disease, osteoarthritis and possible chronic obstructive lung disease. (Tr. 11). Nevertheless, the ALJ determined that these impairments did not, alone or in combination, meet or equal any of the impairments listed at 20 C.F.R. pt. 404, subpt. P, app 1 (2008). (Tr. 13). Considering the plaintiff's credibility in light of the record as a whole, the ALJ found that she retained the residual functional capacity ("RFC") to lift/carry twenty pounds occasionally and ten pounds frequently; stand/walk for six hours in an 8-hour workday and sit for six hours in an 8-hour workday; occasionally climb stairs stoop, crouch, kneel and crawl, but never climb ropes, scaffolds or ladders; he further found that she should avoid temperature extremes, dust, fumes and humidity; due to chronic pain and a possible mood disorder, and is further limited to jobs that do not demand attention to detail, complicated job tasks or instructions. (Tr. 14). Based on this RFC, the ALJ determined that the plaintiff was capable of performing her past relevant work as a lure hanger and a waitress.

On appeal to this court the plaintiff makes several arguments. Although some of her arguments lack merit, the court is persuaded by plaintiff's contentions that the ALJ failed to fully develop the record as required by 20 C.F.R. §§ 404.1512(e) and 416.912(e) and failed to give proper weight to plaintiff's treating physician or, if discounting her treating physician's opinions,

---

[7] 20 C.F.R §§ 404.1520(f)(1) & 416.920(f)(1) (1996).

[8] *Muse*, 925 F.2d at 789.

to consider all necessary factors.

## STANDARD OF REVIEW

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

## DISCUSSION

The plaintiff established and the ALJ acknowledged that she saw Dr. Ramon Rosenkrans almost monthly beginning in August 2005. Yet in assessing the plaintiff's RFC and the medical opinion evidence in the record, the ALJ afforded the greatest weight to Dr. Arthur Greenberg, a consultative examining physician who examined the plaintiff only once. In order for an ALJ to properly afford lesser weight to the medical opinions of a treating physician, he must "perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). The fact that the ALJ did not follow these criteria, according to the plaintiff, makes his failure to afford controlling weight to the opinions of the treating physician an error as a matter of law. The Commissioner argues that *Newton* does not apply to this case because Dr. Rosenkrans did not issue an opinion

4

regarding plaintiff's limitations. Although technically correct – Dr. Rosenkrans indeed did not issue any opinion report or complete a medical source statement regarding plaintiff's limitations or impairments – the ALJ is not thereby relieved of any duties regarding treating physicians. He may not simply choose to afford controlling weight to the opinion of another physician because it is easier, or more time efficient. An ALJ has a duty to contact a treating physician or other medical sources "[w]hen the evidence. . . receive[d] from [a] treating physician . . . is inadequate . . . to determine whether [a claimant] is disabled."  20 C.F.R. §§ 404.1512(e), 416.912(e). These regulations further provide "additional evidence or clarification *will* be sought" [emphasis added by the court] "when the report from [a] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).

A treating physician such as Rosenkrans, who has seen the plaintiff regularly for at least two years, has a unique perspective regarding the plaintiff's abilities, limitations, medical history and diagnosis. The ALJ relied on Dr. Rosenkrans's opinions relating to plaintiff's mental status, but when it came to her physical impairments, he relied on Dr. Greenberg's opinions with no explanation to why he did not afford controlling wright to Dr. Rosenkrans. Although there actually may be substantial evidence to deny the plaintiff's claims, it is unclear whether the ALJ considered all the necessary factors before failing to afford controlling weight to the opinion of plaintiff's treating physician. Without specific citations and a statement of good cause as required by 20 C.F.R. § 404.1527(d)(2), the court cannot afford the plaintiff a full and meaningful review of this appeal.  Further, it is clear that additional development of the record, specifically in the

5

form of a medical source statement or opinion letter from the treating physician, would have been easily obtained, and probably helpful, had the ALJ sought such information. In a case such as this, where the record is incomplete, and specifically where the information could be easily obtained, the Commissioner should contact an examining physician. 20 C.F.R. § 404.1509p(b) (2000). In fact, the ALJ has a duty to seek clarification when a treating physician's report is incomplete or inadequate. *Newton v. Apfel*, 209 F.3d 448 at 453. The court finds that a Medical Source Statement/RFC assessment by Dr. Rosenkrans would have been helpful to the ALJ and potentially provided a more complete picture of the plaintiff's medical conditions and abilities as they relate to her potential for employment or benefits under the Social Security Act.

The undersigned holds that decision of the Commissioner should be remanded for further proceedings after this specific information or opinion statement is obtained from Dr. Rosenkrans.

### III. Plaintiff's Remaining Arguments

Because this action is being remanded to the ALJ for further development of the record, for consideration of the treating physician's records and opinions and for analysis to be conducted in accordance with *Newton* and applicable sections, the court need not address the merits of the plaintiff's remaining arguments at this time.

### CONCLUSION

A final judgment in accordance with this memorandum opinion shall be issued this day.

SO ORDERED.

This, the 16th day of September, 2009.

                                              /s/ S. Allan Alexander
                                              UNITED STATES MAGISTRATE JUDGE